IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA, Plaintiff, v. MANUEL OMAR LUERA, Defendant. | Case No. 1:20-cr-00065-DKW<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
|---|---|

Defendant Manuel Omar Luera moves for compassionate release from his sentence, pursuant to 18 U.S.C. Section 3582(c)(1)(A), arguing that he contracted COVID-19 while incarcerated as a result of the Bureau of Prisons' (BOP) negligence, he was improperly isolated as a result, he was denied access to health care to address the long-term COVID-19 symptoms he allegedly experienced, and his First Step Act time credits have not been properly awarded.

Luera's assertions do not support compassionate release. First, thousands of individuals, in and outside the BOP system, contracted COVID-19 in 2021. Luera offers no evidence that he did so because of some error or fault or blameworthy conduct of the BOP. Second, isolation is an acknowledged and entirely appropriate response to COVID-19, particularly in an institutional setting.

That isolation also comes with some inconveniences of the sort described by Luera does not demonstrate an extraordinary or compelling circumstance. Third, Luera's medical records indicate that any long-term COVID-19 symptoms that he may have once experienced have been resolved. Fourth, FSA time credits are an issue that should be addressed, in the first instance, within the BOP system, and there is no evidence that has occurred in Luera's case. Therefore, as more fully discussed below, Luera's motion for compassionate release, Dkt. No. 73, is DENIED.

## RELEVANT BACKGROUND

On October 19, 2021, Luera was sentenced to 42 months' imprisonment after pleading guilty to possession of 77 grams of heroin with the intent to distribute. Dkt. No. 69.[1] In adopting the pre-sentence investigation report (PSR) at sentencing, the Court applied a three-point offense level decrease for acceptance of responsibility. Dkt. No. 58 at 30-31 (adopting the PSR without change). In addition, the Court adopted the findings in the PSR regarding Luera's criminal history. Dkt. No. 58 at ¶ 38. That history included, among other things,

---

[1] Luera's sentence consisted of 37 months for the underlying distribution charge and an additional 5 months for violating the terms of his supervised release in Case No. CR 05-00104. Dkt. No. 69 at 2.

2

conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. Dkt. No. 58 at ¶ 38.

On November 25, 2022, Luera filed the instant motion for compassionate release ("motion"). Dkt. No. 73. On December 9, 2022, the government filed a response in opposition to the motion. Dkt. No. 76. On December 15, 2022, Luera filed a reply. Dkt. No. 78. This Order follows.

## LEGAL STANDARD

Pursuant to Section 3582(c), a court may not modify a term of imprisonment, except, as pertinent here, when: (1) the defendant exhausts administrative rights to the extent set forth in the statute;[2] (2) the Court finds "extraordinary and compelling reasons warrant" a sentence reduction; and (3) the factors set forth at 18 U.S.C. Section 3553(a) support that reduction. 18 U.S.C. § 3582(c)(1)(A)(i).[3]

---

[2] The government disputes that Luera has exhausted his administrative remedies. Dkt. No. 76 at 2-3. Specifically, the government contends that there is no evidence Luera sought administrative relief and, even if he did in November 2022, he failed to wait the required 30 days before filing the instant motion. At this point in the proceedings, the Court finds that Luera has sufficiently exhausted his administrative remedies. First, while there is no evidence Luera sought relief in September 2022, as he claims, he has provided evidence of seeking relief from the warden of the facility housing him on November 21, 2022. See Dkt. No. 78-1. Second, although the government is correct that Luera prematurely filed the instant motion just days later on November 25, 2022, 30 days have *now* passed, with no apparent response from the BOP. The Court, therefore, finds that Luera has exhausted administrative remedies. See, e.g., United States v. Hinz, 2020 WL 2319924, at *1 (E.D. Cal. May 11, 2020).

[3] The statute also requires that a sentence reduction be "consistent with applicable policy statements" of the U.S. Sentencing Commission, but the Ninth Circuit has concluded that an

3

## DISCUSSION

Luera moves for compassionate release due to the COVID-19. Specifically, Luera argues that he contracted COVID-19 "due to BOP negligence", he was placed under "mandatory lockdown" during his infection, he had no access to prison services, including health care, while isolated, and he was served "expired" box lunches meant for children. Dkt. No. 73 at 1. The Court does not find these alleged circumstances, either individually or collectively, to constitute extraordinary or compelling reasons justifying any reduction in Luera's sentence. First, there is no evidence that Luera contracted COVID-19 *due to the negligence of the BOP*. In fact, other than using the term "negligence," Dkt. 73 at 1, Luera does not even offer any argument describing how the BOP was allegedly negligent. Second, placing Luera into isolation after contracting COVID-19 in January 2021 appears to have been the appropriate action for the BOP to have taken to prevent the further spread of the disease within the BOP facility. Why Luera attempts to indict the BOP for this action, when he simultaneously proclaims the Bureau's negligent handling of the COVID-19 crisis, is not evident. Third, although Luera contends that he received inadequate medical treatment, including with respect to

---

"applicable" policy statement does not exist for motions brought by a defendant under Section 3582(c)(1)(A). *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Instead, the Sentencing Commission's statements "may inform a district court's discretion" in addressing motions brought under Section 3582(c)(1)(A). *Id.*

"long-haul" symptoms, the record reflects no such long-term effects. In fact, 18 months later, Luera self-reported feeling physically and mentally well. *See* Dkt. No. 76-1 at 1-2. Fourth, while, if accurate, the Court does not condone serving "expired" child-portioned meals to Luera, this alone is simply not an extraordinary or compelling reason to reduce his heroin distribution-related sentence.

Luera also asserts that he is entitled to 180 days of time credits under the First Step Act and, therefore, his sentence should be reduced to time-served. Dkt. No. 73 at 1. Even assuming a motion for compassionate release is an appropriate vehicle for advancing this argument, Luera offers no explanation of how he arrived at his credit calculations, nor has he offered any indication of having brought his apparent discrepancy concerns to the attention of the BOP. *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015) (BOP calculates an inmate's entitlement to good time credits in the first instance, not the court; suggesting an inmate may challenge the same via 28 U.S.C. Section 2241). Under these circumstances, the Court does not find Luera's good time credit argument to warrant compassionate release under Section 3582.

Finally, Luera argues that he presents a "low risk" of recidivism, he has completed various programs while incarcerated, and he is not a threat. Dkt. No. 73 at 2. To the extent these assertions are offered to illustrate that the Section

3553(a) sentencing factors support early or compassionate release, the Court disagrees. Luera has essentially been in prison for drug offenses since at least 2004. Notably, his criminal history reflects that, although he received a significant sentence in 2004 for conspiring to distribute roughly 24 pounds of methamphetamine, he quickly committed the instant offense while on supervised release for the former one. *See* Dkt. No. 67 at ¶¶ 7-16, 38. Confirming that he has yet to learn the error of his ways, he has violated BOP rules on several occasions while imprisoned for the instant offense. Dkt. No. 77-1 at 1. The Court, therefore, does not find that the Section 3553(a) factors support a reduction in Luera's sentence, regardless of whatever prison programming he may have successfully completed.

For these reasons, Luera's motion for compassionate release, Dkt. No. 73, is DENIED.

IT IS SO ORDERED.

DATED: January 11, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*United States of America v. Manuel Omar Luera*; Cr. No. 20-00065 DKW;
**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**